# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES T. BENNETT,

    *Petitioner*,

vs.

JACKIE CRAWFORD, *et al.,*

    *Respondents*.

2:05-cv-01005-PMP-PAL

ORDER

    This habeas action under 28 U.S.C. § 2254 comes before the Court on the Respondents' motion (#19) to dismiss.

    Respondents seek the dismissal of Ground One of the Amended Petition (#9) on the basis of procedural default. In Ground One, Petitioner alleges that the state district court abused its discretion in failing to properly inquire into the "irreconcilable conflict" raised by his proper person motion to withdraw *counsel*. Respondents contend that the Supreme Court of Nevada found that Petitioner waived this claim by failing to raise it on direct appeal. Respondents rely upon the following footnote in the order affirming the denial of state post-conviction relief:

> Bennett's claim that the district court erred in refusing to allow him to withdraw *his guilty plea* was a matter more appropriate for a direct appeal and thus, we conclude that Bennett waived this issue. See Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994) overruled on other ground by Thomas v. State, 115 Nev. 148, 979 P.2d 222 (1999).

#19, Ex. G, at 3 n.4 (emphasis added).

1    In context, it is possible, and could be argued even to be likely, that the Supreme Court
2 of Nevada was referring to the motion to withdraw counsel and that the state high court wrote
3 "withdraw his guilty plea" in error when it instead meant to write "withdraw counsel." On the
4 other hand, in the text preceding the state supreme court's footnote, the court also discussed
5 the circumstances surrounding the merits of the state district court's handling of the motion
6 to withdraw counsel, although those circumstances pertained as well to Petitioner's challenge
7 to the voluntariness of his plea. For the procedural default bar to apply, the state high court
8 must clearly and expressly specify which claims are barred for which reasons. *E.g., Koerner*
9 *v. Grigas*, 328 F.3d 1039, 1049 (9th Cir. 2003). While a possible misstatement, footnote 4 of
10 the Nevada Supreme Court order does not clearly and expressly specify that Petitioner's
11 claim in Ground One was waived by a failure to raise the issue on direct appeal. That is, the
12 state high court order clearly does *not* state that the alleged district court error in failing to
13 properly inquire into the "irreconcilable conflict" raised on his motion to withdraw counsel was
14 a matter that was waived by a failure to raise the claim on direct appeal.

15    IT THEREFORE IS ORDERED that the Respondents' motion (#19) to dismiss is
16 DENIED.

17    IT FURTHER IS ORDERED that Respondents shall respond to the Amended Petition
18 within thirty (30) days of entry of this Order. Petitioner may file a reply or opposition within
19 thirty (30) days of service of the response.

20    DATED this 26th day of February, 2007.

_____
PHILIP M. PRO
United States District Judge